to category (2) the Justice found that as to such compromise matters concerning three infants the physicians' affidavits indeed did omit mention of a concussion, but that each affidavit was made some years after such injury had been reported; that, where the symptoms supporting a " provisional diagnosis of a concussion" did not persist, such diagnosis "is evidently ruled out"; and that, while it would have been better to have included a statement explaining the abandonment of the concussion claim, the failure to do does not constitute professional misconduct or conduct prejudicial to the administration of justice. We disagree with such conclusion. In our opinion, the failure to disclose all the medical facts to the court, especially where serious head injuries were at one time claimed, is professional misconduct. As to category (3), the Justice condoned the omission of the matter in question on the theory that the omissions were only of exaggerated claims in bills of particulars and in statements to defendants' physicians and that the contents of the affidavits were actually compatible with the claimants' physicians' reports. We do not agree. In our opinion the court should be made aware of any claims which had been made, as an aid in the court's evaluation of the case; and respondent's failure to honor his duty in that regard constituted professional misconduct. It is our conclusion that Specifications A, B, C and D and categories (2) and (3) of Specification F were proved. To the extent that the learned Justice's report is consistent with this conclusion, the report is confirmed; in all other respects, the report is disaffirmed. Petitioner's motion and respondent's cross motion insofar as it is with respect to the findings of the reporting Justice are disposed of accordingly. Insofar as respondent's cross motion is for dismissal of the proceeding, it is denied. In considering the nature and extent of the discipline to be imposed, we have taken cognizance of several factors in mitigation, including the absence of complaints by clients, the absence of evidence of fraud upon clients, the fact that respondent co-operated fully and completely with the Judicial Inquiry and the evidence as to respondent's integrity and capabilities. In view of all the circumstances presented, it is our opinion that respondent should be suspended from the practice of law for six months, commencing March 13, 1967. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

█ UNEEDA HOME APPLIANCES, INC., Appellant, v. LONG ISLAND RAIL ROAD COMPANY, Respondent, et al., Defendant.— The letter from the attorney for appellant, dated February 7, 1967, is treated by this court as a motion for reargument of appellant's motion for leave to appeal to the Court of Appeals; and the letter from respondent's counsel, dated February 15, 1967, in response has been considered as a paper in opposition to the motion. The motion for reargument is granted and, on reargument, the court adheres to its original decision on the ground that in this case this court has no power to grant leave to appeal to the Court of Appeals because, in accordance with appellant's stipulation upon its appeal to this court from the Appellate Term, judgment absolute was directed to be entered against appellant upon this court's affirmance on that appeal. The court takes this occasion to again call attention that it disapproves of the all too frequent practice of attorneys seeking reconsideration by means of letters addressed to the court or any of its Justices. Letter-writing should not be used as a substitute for the making of a formal motion upon appropriate papers, properly served and filed. Beldock, P. J., Christ, Rabin and Benjamin, JJ., concur.

█ ANTHONY ABBONDONDOLO, Individually and as Executor of MICHAEL ABBONDONDOLO, Deceased, Respondent-Appellant, v. MARY ABBONDONDOLO et al., Appellants-Respondents.— Resettled judgment of the Supreme Court, Nassau County, dated June 14, 1966, and order of said court dated May 12, 1966 and made upon plaintiffs' motion affirmed insofar as appealed from, without costs.